**UNITED STATES of America,**
**Appellee,**

v.

Craig **BRYCE,** a/k/a **"Shorts," Quincy Hale,** a/k/a **"Slim," Anthony Drake, Don Saunders,** a/k/a **"Don Q," Defendants,**

**Chris Bishop, Defendant–Appellant.**

**No. 02–1350.**

United States Court of Appeals, Second Circuit.

March 7, 2003.

Katherine Polk Failla, Assistant U.S. Attorney, Southern District of New York (James B. Comey, U.S. Attorney, on the brief; Marc A. Weinstein and Andrew J. Ceresney, Assistant U.S. Attorneys), New York, NY, for Appellee, of counsel.

Neil B. Checkman (Georgia J. Hinde), New York, NY, for Defendant–Appellant, of counsel.

PRESENT: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, two thousand three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Defendant–Appellant Chris Bishop appeals from a judgment of the United States District Court for the Southern District of New York (Charles S. Haight, Jr., *Judge*) convicting him, following a jury trial, of conspiring to traffic in firearms without a license, in violation of 18 U.S.C. § 371; trafficking in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); and possessing one or more firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Bishop was sentenced principally to concurrent terms of 60–months' imprisonment on the conspiracy and trafficking counts, and a consecutive term of 17–months' imprisonment on the felon-in-possession count. We affirm.

The evidence adduced at trial showed that Bishop participated in a gun trafficking conspiracy in which firearms were illegally purchased in Kentucky and then transported to New York City for sale on its streets. Bishop's involvement included partial financing of the gun purchases in Kentucky, assisting in selecting the guns purchased, storing the guns after purchase, concealing the guns in a speaker for transport to New York, transporting the guns by car to New York for sale, aiding in the sale of the guns in New York, and receiving proceeds from the sale.

On appeal, Bishop argues that the District Court abused its discretion in refusing to sever or bifurcate the felon-in-possession count. We have already held, however, that severance of a felon-in-possession count in a multi-count trial is not mandated if evidence admissible as to the felon-in-possession charge would have been admissible in a trial involving only the non-severed counts. *See United States v. Amato,* 15 F.3d 230, 236–37 (2d

Cir.1994). Here, the fact of Bishop's prior conviction would have been admissible as to the conspiracy charge in order to explain why other conspirators purchased the guns instead of Bishop–i.e., to explain the respective roles undertaken by the various players in the conspiracy. *See United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir.1992) ("Prior act evidence may be admitted to inform the jury of the background of the conspiracy charged...."). Similarly, with respect to the substantive trafficking charge, the fact of Bishop's prior conviction would have been admissible as evidence which placed into context the allegation in the indictment that Bishop committed the substantive offense by "caus[ing] to be purchased approximately seventeen handguns," as opposed to purchasing the guns himself. *See United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994) ("[E]vidence of other bad acts may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense.").

Bishop emphasizes that the District Court permitted the government to reveal to the jury not only the mere fact of his prior conviction, but also the nature and circumstances surrounding his prior bad act. But in each such instance, the government properly referred to evidence that Bishop himself had introduced in the first instance, *see United States v. Lubrano*, 529 F.2d 633, 637 (2d Cir.1975), or evidence that was admissible for purposes of rebutting testimony that would otherwise create a false impression for the jury, *see United States v. Wiley*, 846 F.2d 150, 156 (2d Cir.1988). Moreover, any possible prejudice was minimized by the District Court's numerous curative instructions, none of which we regard as erroneously constructed.

Bishop additionally appeals his sentence on the grounds that the District Court (a) clearly erred in refusing to grant a downward adjustment based upon Bishop's alleged minor role in the offense, pursuant to U.S.S.G. § 3B1.2, and (b) abused its discretion in requiring his federal sentence to run consecutively to his state parole violation sentence. We reject the former contention because the District Court properly found that Bishop's role was not minor in relation to that portion of the conspiracy for which he was being held accountable. *United States v. Gomez*, 31 F.3d 28, 32 (2d Cir.1994). We reject the latter contention because we find no circumstances arising in this case that mandate a deviation from the preference in the Sentencing Guidelines– "strongly expressed" in Application Note 6 of U.S.S.G. § 3B1.2–that a federal sentence be imposed to run consecutively to a state term imposed for a violation of parole. *United States v. Maria*, 186 F.3d 65, 71 (2d Cir. 1999).

The judgment of the District Court is hereby **AFFIRMED.**